UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JU LI, | : | CIVIL NO: 1:16-CV-0067 |
| | : | |
| Petitioner, | : | |
| | : | (Judge Rambo) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| CRAIG A. LOWE, *et al*. | : | |
| | : | |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

**I.  Introduction.**

On January 13, 2016, the petitioner, Ju Li ("Li"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Li challenges his continued detention by Immigration and Customs Enforcement ("ICE") and requests, *inter alia*, that this Court order his immediate release. Because Li has been released and removed from the United States, this habeas corpus case is moot. Accordingly, it is recommended that the petition be dismissed.

**II.  Factual Background and Procedural History.**

Li, a native and citizen of China, was apprehended by Border Patrol agents in February of 2014 when he entered the United States in the vicinity of Hidalgo, Texas. *Doc. 1* at 3. ICE subsequently took custody of Li and transferred him to the York County Prison in York, Pennsylvania. *Id.* On August 26, 2014, an

immigration judge issued an order of removal but also granted Li voluntary departure until October 1, 2014. *Id.* at 3-4. Li's attempts to secure needed travel documents were unsuccessful[1] and, as a result, Li remained in ICE custody at the York County Prison as late as July 2015. *Id.* at 4. Although the petition does not specify the exact date, Li was later transferred to the Pike County Correctional Facility in Hawley, Pennsylvania. *Id*. Li also states in his petition that over sixteen months have elapsed since his order of removal on August 26, 2014. *Id.* at 4-5.

On February 9, 2016, the respondents filed a response to Li's petition and informed the Court that Li has been released from ICE custody and removed from the United States. *Doc. 6* at 1, 3-5. Because Li has already received his requested relief, the respondents argue that the case should be dismissed as moot. *Id.* at 2. For the reasons set forth below, the Court agrees with the respondents and recommends that Li's petition be dismissed.

### III. Li's Petition for a Writ of Habeas Corpus is Moot

The judicial branch of the United States, like the executive or legislative departments, is one of limited powers. *Citizens' Sav. & Loan Ass'n v. City of Topeka*, 87 U.S. 655, 663 (1874). Article III of the Constitution conditions the

---

[1] Li alleges that he was unable to obtain travel documents and leave the United States because the Chinese Consulate in New York refused to issue the documents without Li's physical presence. *See Doc. 1* at 4.

exercise of federal judicial power "upon the existence of a case or controversy." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (internal quotation marks omitted). However, the mere fact that a dispute existed when the plaintiff filed the action does not suffice to support federal court jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). In fact, "only actual, ongoing cases or controversies" satisfy the threshold requirements of Article III. *Id.* at 477. Litigants must therefore maintain a "personal stake" in the outcomes of their lawsuits. *Id.* at 478; *Rosetti v. Shalala*, 12 F.3d 1216, 1223 (3d Cir. 1993).

Just as Article III confers jurisdiction, so too does it take jurisdiction away. For instance, federal courts have no constitutional authority to decide moot cases. *Rosetti*, 12 F.3d at 1223 (citing *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964); *see also U.S. v. Grape*, 549 F.3d 591, 597 (3d Cir. 2008) (stating that the court had to first "resolve the issue of mootness" before it could exercise jurisdiction). "If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 596 (3d Cir. 2010).

Here, the respondents argue that Li's release from ICE's custody renders his petition moot. *Doc. 6* at 2. The respondents are correct. In his habeas corpus petition, Li challenges only his continued detention pending removal. However, Li

has since been released from custody and removed from the United States. As a result, Li's petition no longer presents a case or controversy. *Mwigamani v. Holder*, 2015 WL 9008577, at *1 (M.D. Pa. 2015) (holding that a habeas corpus petition did not present a case or controversy because the petitioner was no longer in ICE custody) *see also Aziz v. Attorney General U.S.*, 537 F. App'x 56 (3d Cir. 2013) (per curiam) (concluding that petitioner's removal from the United States rendered his habeas corpus petition moot). Moreover, Li no longer maintains any "personal stake" in his petition because this Court cannot accomplish anything further for him. Li's goal was to secure his release from detention; this he attained at the very moment ICE discharged him. Any order from this Court directing ICE to release a non-existent detainee would, of course, be futile. Thus, the petition no longer qualifies as an ongoing "case or controversy" pursuant to Article III and is therefore moot.

**IV. Recommendation.**

Based on the foregoing, **IT IS RECOMMENDED** that Li's petition for a writ of habeas corpus (*doc. 1*) be **DISMISSED** as moot.

> The Parties are further placed on notice that pursuant to Local Rule 72.3:
>
> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party

shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this **18th** day of **April, 2016**.

                                                  **_S/Susan E. Schwab_**
                                                Susan E. Schwab
                                                United States Magistrate Judge